FILED

2020 FEB 13 PM 3:17

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| TED MARSHALL,<br>MATTHEW LEHRFELD,<br><br>  Plaintiffs,<br><br>  vs.<br><br>COUNTY OF LLANO, TEXAS,<br>LLANO COUNTY COMMISSIONERS<br>MIKE SANDOVAL, PETER JONES,<br>LINDA RASCHKE, JERRY DON<br>MOSS, sued in their individual and<br>official capacities, JUDGE MARY<br>CUNNINGHAM, sued in her individual<br>and official capacity, LLANO COUNTY<br>ATTORNEY REBECCA LANGE,<br>sued in her individual and official<br>capacity,<br><br>  Defendants. | CIVIL ACTION NO.<br>**A20CV164** RP<br><br>JUDGE:<br><br>MAGISTRATE:<br><br><br>JURY DEMAND |

## I. COMPLAINT

1. Plaintiffs Ted Marshall ("Mr. Marshall") and Matthew Lehrfeld ("Mr. Lehrfeld"), collectively hereinafter, ("Plaintiffs") bring this action for declaratory and injunctive relief, money damages and civil penalties against Llano County, Texas (the "County") and the Llano County Board of County Commissioners ("BOCC") pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2202, and the Fifth and Fourteenth Amendments of the United States Constitution. The BOCC approved

1

the construction of a Manufactured Home Rental Community ("trailer park") based on perjured testimony, unconstitutional laws, regulations, and methods of notice and service.  Plaintiffs are also seeking the imposition of criminal charges against Llano County Commissioner Mike Sandoval for lying while under oath.

## II. PARTIES

2.    Plaintiff, TED MARSHALL, is a citizen of the United States currently residing in Llano County, Texas.

3.    Plaintiff, MATTHEW LEHRFELD, is a citizen of the United States currently residing in Llano County, Texas.

4.    Defendant, MIKE SANDOVAL, ("Sandoval") upon information and belief, is a resident of Llano County, Texas and at all times material herein was a county commissioner acting in the course and scope of his employment for the COUNTY OF LLANO.  Sandoval can be served with process by Certified U.S. Mail, return receipt requested, at Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  Sandoval is sued in his individual and official capacity.

5.    Defendant, PETER JONES, ("Jones") upon information and belief, is a resident of Llano County, Texas and at all times material herein was a county commissioner acting in the course and scope of his employment for the COUNTY OF LLANO.  Jones can be served with process by Certified U.S. Mail, return receipt requested, at Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  Jones is sued in his individual and official capacity.

2

6.     Defendant, LINDA RASCHKE, ("Raschke") upon information and belief, is a resident of Llano County, Texas and at all times material herein was a county commissioner acting in the course and scope of her employment for the COUNTY OF LLANO.  Raschke can be served with process by Certified U.S. Mail, return receipt requested, at Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  Raschke is sued in her individual and official capacity.

7.     Defendant, JERRY DON MOSS, ("Moss") upon information and belief, is a resident of Llano County, Texas and at all times material herein was a county commissioner acting in the course and scope of his employment for the COUNTY OF LLANO.  Moss can be served with process by Certified U.S. Mail, return receipt requested, at Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  Moss is sued in his individual and official capacity.

8.     Defendant, MARY CUNNINGHAM, ("Cunningham") upon information and belief, is a resident of Llano County, Texas and at all times material herein was the county judge acting in the course and scope of her employment for the COUNTY OF LLANO.  Cunningham can be served with process by Certified U.S. Mail, return receipt requested, at Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  Cunningham is sued in her individual and official capacity.

9.     Defendant, REBECCA LANGE, ("Lange") upon information and belief, is a resident of Llano County, Texas and at all times material herein was the county

3

attorney acting in the course and scope of her employment for the COUNTY OF LLANO. Lange can be served with process by Certified U.S. Mail, return receipt requested , at Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. Lange is sued in her individual and official capacity.

10. Defendant, COUNTY OF LLANO, ( the "County") is a unit of government organized under the Constitution and laws of the State of Texas which may be served by Certified U.S. Mail, return receipt requested, at Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. See Tex. Local Gov't Code §5.004.

### III. JURISDICTION

11. This Court has jurisdiction over this action pursuant 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Mr. Lehrfeld and Mr. Marshall, by constitutional and statutory provisions. Plaintiffs claims for injunctive and declaratory relief are authorized under 28 U.S.C. § 2202.

12. This Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

### IV. VENUE

13. Venue is proper in the district court under 28 U.S.C. § 1391 because the acts, events or omissions giving rise to this claim occurred in Llano County,

4

Texas, which falls within the Unites States District Court for the Western District of Texas, Austin Division.

## V. INTRODUCTION

14.    This case involves Llano County Commissioner Mike Sandoval lying while under oath to assist in the approval of a Manufactured Home Rental Community located at 200 Saturn, Kingsland, Texas. The Lot numbers for this development are **240, 279,** and **280. (Exhibit A)**

15.    This matter also involves the fact that Llano County's current Subdivision Regulations ("Regulations") are an unconstitutional denial of Due Process and Equal Protection of the Law in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

16.    When a property owner applies to build a trailer park in Llano County, there are currently no requirements to notify anyone. The application gets approved without anyone's knowledge except the builder and the County. This is a violation of the Plaintiffs rights to Due Process and Equal protection of the Law in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

17.    The County went a little further in this case and used Service by Publication ("Publication"). Publication in Llano County, Texas is an unconstitutional denial of Due Process and Equal Protection of the Law in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

5

18.    The Llano Newspaper prints 2700 copies of their publication a week. **(Exhibit B)** Llano County has 22,000 residents. The Llano Newspaper doesn't print enough papers in a month to reach everyone in Llano County. There are no people attending any of the Llano County Commissioners Court meetings because Llano County is using Publication. Llano County is also only requiring that the Legal Notices be published for three weeks. **(Exhibit C)**, **Replatting Procedures**. Three weeks of Publication in Llano County would barely reach a third of Llano County's population.

19.    Plaintiffs argue that the use of "Service by Publication" should never be allowed as the only means of legal notice in Llano County. The Llano Newspaper does not print enough papers to reach all of the residents of Llano County. Publication imposes undue hardships on low income individuals and families. Publication also discriminates against disabled or handicapped individuals who cannot drive.

20.    Llano County is using nineteenth century laws in a twenty-first century world. Not one person in this case reads the newspaper. Llano County also uses Service by Check the Bulletin Board in the Courthouse. **Tex. Local Gov't. Code § 551.049**. See also **(Exhibit C)**, **Replatting Procedures**. This is an unconstitutional denial of Due Process and Equal protection of the Law in violation of the Fifth and Fourteenth Amendment as well.

21.    Attached as **Exhibit D** is a copy of the Legal Notice that was published in

6

the Llano newspaper. The legal notice itself is inadequate. The legal notice refs only to the lot numbers that these properties are situated on. Without a plat map the ad is meaningless. The average person does not even know what a plat map is. Plaintiffs have already asked several dozen property owners.

22.    The property that the trailer park is being constructed is just over one-half of an acre. The County approved five Manufactured Homes to be put on this property. **Exhibit A** is the Plat Map showing how the properties in Kingsland Estates are divided. Five Manufactured Homes on 0.585 acres is a considerable deviation from every property in that area. Plaintiffs argue that this should have been considered a Variance under Llano County Subdivision Regulations which states as follows:

    A. No variance shall be granted unless the Commissioners Court finds:

        2.    That the granting of the variance will not be detrimental to the public health, safety, or welfare, or injurious to other property in the area. **(Exhibit E)**

23.    Llano County's current Subdivision Regulations regarding Variances also states that the commissioners court shall prescribe only conditions that it deems necessary or desirable to the public interest. **(Exhibit E)** These protections were never even considered in this case because of Llano County's unconstitutional and inconsistent laws and policies.

24.    Llano County's Regulations regarding Variances also states that "In

7

making their findings on whether to approve a variance, the Commissioners Court shall take into account the nature of the proposed use of land involved and existing uses of the proposed subdivision and the probable effect of such variances upon traffic conditions and upon the public health, safety, convenience, and welfare in the vicinity." **(Exhibit E)** These protections were never even considered in this case as well.

25.     Looking at **Exhibit A**, most properties are divided into individual lots which are 60 feet in width by 150 feet in length. This amounts to 0.207 acres or just over a fifth of an acre. This trailer park is being divided into lots that are almost half that size. This trailer park already has, and will have, a significant negative effect on other property in the area. One homeowners property was already devalued by 15% because of this development going in. Furthermore, the County is giving each property a separate address and the trailers are not situated evenly between the existing lots. The new plan has the trailers overlapping the lots. **(Exhibit F)** This should have required replatting of the properties and this should have also been considered a subdivision as well.

26.     Looking at **Exhibit G, § (A),** Llano County's Subdivision Regulations state:

> "Every owner of a tract of land wishing to subdivide (divide one tract, parcel, lot, into two or more), will most likely be required to do one of the following:

> A.  File a standard subdivision platting application.

27.     Llano County failed to follow its own Regulations. No replatting was even

8

required in this case. Under the Llano County Subdivision Regulations Design Standards "Lots" section, it states as follows:

> "The size, width, depth, and orientation of lots shall be appropriate for the area of the County in which the subdivision is located, and for the type of development and use contemplated."
> **(Exhibit H)**

The Llano County BOCC failed to follow their own Regulations again. The lots in this case are going to be divided into the "smallest lots" in Kingsland Estates and this is the only trailer park in the area.

28.    Looking at **Exhibit F**, Lots 241, 279, and part of Lot 280, the plan to divide this property into five lots makes the lots much smaller than the rest of the lots in Kingsland Estates. This is also going to be a traffic nightmare. Calculating a reasonable two vehicles per trailer, there will be ten or more vehicles pulling in and out of this one-half-acre lot and that is not including visitor traffic. It is also a safety concern because children live directly across the street from this development.

29.    The County's application for a Manufactured Home Rental Community has a box in parenthesis implying that this could also be a "Mobile" Home Rental Community. **(Exhibit I)** There is a difference between a Mobile Home and a Manufactured Home. The Regulations do not delineate what a Manufactured Home is. The Llano County Infrastructure Regulations for Manufactured Home Rental Communities Preamble says nothing about Mobile Homes. **(Exhibit J)** The Regulations are the law not the application form.

9

30. The value of these trailers will also not be anywhere near the value of the dwellings surrounding the property.

## VI. FACTUAL ALLEGATIONS

**A. Llano County Commissioner Mike Sandoval Lying Under Oath**

31. On October 22, 2018 the Llano County Board of County Commissioners ("BOCC") held a hearing and approved a plan for a trailer park to be built at 200 Saturn, Kingsland, Texas.

32. Llano County Commissioner Mike Sandoval lied at the hearing concerning this matter which clearly assisted in the approval of the trailer park. Sandoval testified as follows:

> "I went out to the neighbors because I know many of them who live on Grandview, and Saturn, and Hermosa, and I asked them about it and they said, "Mike, look around, they're all around us in the neighborhood and we live comfortably together. And it's nice. They're nice. And, so, they had no objections to this, including the people on Hermosa, and people who live on the Grandview side, and I had no calls or complaints during that whole period."
> **(Exhibit K) Agenda #4**

33. Attached as **Exhibit L** is the Oath of Office Sandoval took when he began his position as county commissioner. It reads as follows:

> "I, do solemnly swear, that I will faithfully execute the duties of the office of County Commissioner of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God."

34. Sandoval testified that he went out to the neighbors who live on

10

Grandview Lane, Saturn, and Hermosa Drive and asked them what they thought about a trailer park being built right next to their homes. According to Sandoval all of the neighbors said, "Mike, look around, they're all around us in the neighborhood and we live comfortably together." This story is not even believable. None of the forty-one neighbors that the Plaintiffs spoke to want this trailer park going in.

35.    Attached as **Exhibit M** is an Affidavit from Katy Scarborough who lives on Grandview Lane. In her affidavit, Katy swore under oath that she did talk to Sandoval but she told him that she objected to the construction of this trailer park because it would decrease the value of her home. Katy also said in her affidavit that she listened to the recording of the hearing and was shocked that Mike Sandoval lied to the Llano County Commissioners Court and told them that no one objected to this trailer park.

36.    Frances Allard, David Allard, and several other neighbors also listened to the recording of the commissioners court hearing and were angered that Sandoval lied to the commissioners court about having spoken to all the neighbors about this trailer park.

37.    Frances and David Allard are adjacent to this trailer park and Sandoval never spoke with either of them. Cody and Brittany McCurry live right across the street from this trailer park and Sandoval never spoke with either of them. Mr. Marshall lives one house over from the trailer park and Sandoval never

11

spoke with him. Benjamin Crank and Stormy Kelly live one house away from this property on the other side of the street and Sandoval never spoke with them. Leon Sims lives one house up from Benjamin and Sandoval never spoke with him either.

38.    Sandoval testified that not only did no one object to the trailer park but the neighbors welcomed it by saying, "Mike, look around, they're all around us and we live comfortably together." This story was completely fabricated by Sandoval.

39.    Attached as **Exhibits M-U** are affidavits from every adjacent property owner and neighbors up and down Hermosa Drive, Saturn, and Grandview Lane stating that Sandoval never talked to any of them about this trailer park. Sandoval said almost the same thing at the hearing right after this hearing. Sandoval said he went out to those neighbors and spoke with them as well. See **(Exhibit K), Agenda #4**. This may be a pattern for Sandoval.

40.    After Katy objected, Sandoval left the neighborhood. Plaintiffs have a petition signed by forty-one people up and down Hermosa Drive, Saturn, and Grandview Lane stating that no one from the county talked to any of them. The petition will be turned over in discovery.

41.    Testifying falsely under oath is Perjury under Texas law. Testifying falsely at an official hearing is Aggravated Perjury, a Felony of the Third degree. See Texas Penal Code §37.03 (a)(1).

12

**B. No Notice to Adjacent Property Owners and/or Service by Publication**

42. As stated above, Publication is an inadequate remedy in Llano County. The Llano paper prints 2700 copies of their publication. Llano County has 22,000 residents. Publication in Llano County, Texas is an unconstitutional denial of due process and equal protection of the law in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

43. Attached are Affidavits from several residents in Kingsland Estates. Not one of them reads the Llano newspaper. See **(Exhibits M-U)**. Llano County's current laws offer no protection to Llano County residents or property owners.

44. The common practice for Service by Publication requires several steps in the court systems. The first step is service to the interested party by certified and/or regular mail. If those efforts fail a process server is then hired to complete service. If those efforts are unsuccessful the party has to ask the court for permission to use Service by Publication.

45. Attached as **Exhibit V** is a four page Texas Affidavit for Citation by Publication which is what a party needs to file when requesting the courts permission to use Publication. In this document, a party has to swear under oath that he or she has attempted and exhausted all other forms of service, and have diligently sought out the interested or opposing party's whereabouts.

46. Attached as **Exhibit W** is a Texas Certificate of Last Known Address. This document also needs to be filed with the court when asking permission to

use Service by Publication.   As can be seen from the previous documents, Publication is used as a last resort of notification.  Llano County is using it as a first resort to the detriment of all Llano County residents.

47.    Plaintiffs contend that the "Reasonably Ascertainable" standard cited by the United States Supreme Court in **Tulsa Professional Collection Services, Inc., vs. JoAnne Pope**, (1988) 108 S. Ct. 1340, 99 L.Ed. 2d 565, should be applied in this case and all other similarly situated cases.  All of the adjacent property owners in the present case were reasonably ascertainable to the developer of this property and to the County as well.

**C.    Defendant's Deliberate Indifference and Ratification**

48.    Plaintiffs met with Llano County Commissioner Mike Sandoval on two separate occasions.  The issue about publication was made clear to him and the fact that the Llano County Subdivision Regulations are unconstitutional.  Sandoval's response was literally, "We'll see what the courts think."

49.    Plaintiffs also contacted County Attorney Rebecca Lange.  Mr. Marshall met with Lange in person about the issues stated above but she did nothing to change them.  Mr. Marshall was told by Lange, "I guess we'll see what the courts think," and "We're not changing any of the laws here."

50.    Mr. Lehrfeld called Lange's office on three separate occasions.  Mr. Lehrfeld spoke with two attorneys there, Carrie Sawyer, and Kerri Sawyer Laffoon.  Mr. Lehrfeld was told that his messages had been forwarded to Lange.

14

Mr. Lehrfeld left his name, phone number, and email. Lange never even responded. Every attempt has been made by the Plaintiffs to reach out to Llano County about the issues stated above. Llano County officials have chosen to do nothing to correct them and told the Plaintiffs to take them to court.

## CONCLUSION

51.    Llano County's Subdivision Regulations are all over the place as far as protecting Llano County residents rights. There are currently more protections to property owners in Llano County when someone files for a Replat, Variance, or RV Park than there are for a Manufactured Home Rental Community. Llano County also does not delineate what a Manufactured Home is. No traffic study is needed, no drainage studies are needed, and there are no considerations to property owners or residents rights at all.

52.    The Plaintiffs are also aware that the owner of this subdivision cannot control his tenants. The last renter, who lived in a boarded up trailer, burned all of his garbage because he didn't want to pay for garbage pickup. He was burning plastics and anything else he needed to dispose of. The owner of this property was also told by several neighbors about the drug activity occurring on his property. The owner did nothing about any of it.

53.    Frances and David Allard called the police because of the burning garbage and drug activity. Mr. Marshall called the police as well. The owner of this property does not have the social or intellectual skills to handle the management of one trailer.

15

54. One final note must be addressed. This is a five unit trailer park that is being used to generate income. The owner of the property will not be living in any of the units. This is a commercial property being constructed in the middle of an all residential neighborhood. The construction of this property is about to begin.

### FIRST CAUSE OF ACTION
### Declaratory Judgement

55. Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

56. There is an actual and present controversy between the parties regarding Llano County's policies and the use of Service by Publication, and the Llano County Subdivision Regulations concerning the approval and construction of Manufactured Home Rental Communities.

57. Pursuant to 28 U.S.C. §2202 and Federal Rule of Civil Procedure 57, Plaintiffs seek a declaration that Llano County's current Subdivision Regulations for Manufactured Home Rental Communities deny the Plaintiffs right to Due Process and Equal Protection of the Law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

58. That Llano County's use of Service by Check the Bulletin Board at the Courthouse is a denial of Due Process and Equal Protection of the Law in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

59.    That the Defendants have developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the Plaintiffs and the residents of Llano County.

60.    As a result of the acts described in the foregoing paragraphs, Plaintiffs have proven that there is a substantial controversy of sufficient immediacy to warrant the issuance of a declaratory judgement in this matter.

## SECOND CAUSE OF ACTION
## Violation of the Plaintiffs Right to Due Process

61.    Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

62.    The Due Process Clause of the Fourteenth Amendment of the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law.

63.    Defendants Llano County and the Llano County Board of County Commissioners have developed and maintained policies or customs exhibiting deliberate indifference to the Plaintiffs constitutional rights which caused the violations of the Plaintiffs rights alleged herein.

64.    This development should have been considered a Variance, and the requirements for Variances in Llano County should be applied to the requirements for Manufactured Home Rental Communities.  (That the development will not be "injurious to other property in the area.")  **(Exhibit E)**

65.    Defendants failed to implement customs, policies or procedures that

17

would have remedied these problems after they were put on notice by the Plaintiffs.

## THIRD CAUSE OF ACTION
### Deliberate Indifference and Ratification

66.     Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

67.     By impairing Plaintiffs rights without due process of law, as described herein, Defendants have deprived the Plaintiffs of substantive due process rights guaranteed by the Fourteenth Amendment of the United States Constitution.

68.     On information and belief, Defendants, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of the Plaintiffs failed to implement and/or enforce the policies, procedures, and practices necessary to provide constitutionally adequate protection.

69.     Defendant Rebecca Lange was notified by both of the Plaintiffs of the constitutional violations stated above and she chose to do nothing.  As County Attorney, Lange is the chief law enforcement officer of the County and is charged with seeing "that the laws of the State and County are uniformly and adequately enforced."

70.     As County Attorney, Lange has failed to take the steps necessary to ensure that the Plaintiffs rights were not violated, and she has Ratified the actions of Llano County and the Llano County Board of County Commissioners.

18

She is sued in her individual and administrative capacity for damages and acts taken as an administrator and for failing to correct the unconstitutional actions in this case. Lange also failed to take any action against Llano County Commissioner Mike Sandoval for lying under oath.

## FOURTH CAUSE OF ACTION
## Punitive/Exemplary Damages

71. Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

72. The conduct of the Defendants reaches the level of deliberate indifference to the rights of the Plaintiffs and the County has ratified its own unconstitutional actions. As such, Plaintiffs request punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiffs rights is more than thoughtlessness, inadvertence, or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs request punitive and exemplary damages are awarded against Defendants in a sum which is within the jurisdictional limits of this court.

## FIFTH CAUSE OF ACTION
## Injunctive Relief

73. Plaintiffs incorporate the foregoing paragraphs by reference as though set forth fully herein.

74. As stated herein, the Plaintiffs are protected by the laws of the State of

19

Texas, as well as those of the United States Constitution, including the Fifth and Fourteenth Amendments thereto.

75.    The Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action.

76.    The Defendants wrongful and unlawful conduct, actions and/or policies, unless enjoined and restrained by order of this court, will cause, and continue to cause, great and irreparable injury to the Plaintiffs and the residents of Llano County, in that the Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under state and federal law, including those under the Fifth and Fourteenth Amendments as alleged herein above.

77.    Plaintiffs have no adequate remedy at law to prevent or prohibit Defendants continuing and/or repeating their unlawful and unconstitutional conduct and policies after exhausting their efforts with the County of Llano and Llano County Attorney Rebecca Lange.  As such, Plaintiffs seek an order enjoining and prohibiting Defendants from allowing any further construction of this trailer park until this matter has been adjudicated.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs pray that the Court order the following relief and remedies:

1). Issue a judicial declaration that the Defendants current Subdivision Regulations concerning the approval and construction of Manufactured Home Rental Communities are a violation of the Plaintiffs due process rights in violation of the Fifth and Fourteenth Amendments.

2). Issue a judicial declaration that the Defendants use of Service by Publication and Service by Check the Bulletin Board in the Courthouse, are an unconstitutional denial of Due Process and Equal Protection of the Law in violation of the Fifth and Fourteenth Amendments.

3). Enter a preliminary injunction, pending final resolution of this action, enjoining the Defendants from taking any action to enforce Llano County's Subdivision Regulations concerning the construction of this trailer park.

4). A judgment in favor of the Plaintiffs against the Defendants.

5). Award the Plaintiffs punitive damages for the callous and deliberate indifference of the County and its officers and/or agents in this case.

6). Award the plaintiffs the costs of this action, including time to prepare this Complaint.

7). Award reasonable attorney's fees if the Plaintiffs retain counsel.

8). Award such further and additional relief as is just and proper.

21

## DEMAND FOR A JURY TRIAL

In accordance with the Fed. R. Div. P. 38 (b), and the Seventh Amendment

of the United States Constitution, Plaintiffs hereby demand a jury trial on all

issues triable by a jury.

Respectfully Submitted,

Matthew Lehrfeld
3944 Hermosa Drive
Kingsland, Texas 78639
(513) 222-3490
dbacpl@gmail.com

Ted Marshall
3944 Hermosa Drive
Kingsland, Texas 78639
(520) 444-6910
txtedm@gmail.com

22

## Certificate of Service

I do hereby certify that a copy of the foregoing Complaint was sent by Certified U.S. Mail to Defendants, County of Llano, Mike Sandoval, Peter Jones, Linda Raschke, Jerry Don Moss, Mary Cunningham, Rebecca Lange at Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079 on this 13 day of February 2020,

Ted Marshall